Samuel C. Kauffman, OSB #94352
Telephone: 503 228-3939
Fax: 503 226-0259
E-Mail: skauffman@gsblaw.com
Garvey Schubert Barer
Eleventh Floor
121 S.W. Morrison Street
Portland, Oregon 97204-3141

    Attorneys for Defendant
    Richard Fuselier

FILED'09 SEP 11 13:50 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>v.<br><br>**RICHARD ALLEN FUSELIER,**<br><br>    Defendant. | Case No. CR 07-535-BR<br><br>**PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL AND ORDER ENTERING PLEA** |

The defendant represents to the court:

1.    My name is Richard Allen Fuselier. I am 62 years old. I have gone to school up to and including two years of college.

2.    My attorney is Samuel C. Kauffman.

3.    My attorney and I have discussed my case fully. I have received a copy of the Indictment. I have read the Indictment and I have discussed it with my attorney. My attorney has counseled and advised me concerning the nature of the charge, any lesser-included offenses,

and the possible defenses that I might have in this case. I have been advised and understand that the elements of the charges alleged against me to which I am pleading "GUILTY" are as follows:

Conspiracy (18 U.S.C. §371):

   a.   The existence of an agreement by two or more persons to commit an offense against the United States or defraud the United States;

   b.   The defendant's knowing and voluntary participation in the conspiracy; and

   c.   The commission of an overt act in furtherance of the conspiracy.

4.   I know that if I plead "GUILTY," I will have to answer any questions that the judge asks me about the offense to which I am pleading guilty. I also know that if I answer falsely, under oath, and in the presence of my attorney, my answers could be used against me in a prosecution for perjury or false statement.

5.   I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason. I have not taken any drugs or medications within the past seven (7) days:

6.   I understand that conviction of a crime can result in consequences in addition to imprisonment. Such consequences include deportation, or removal from the United States, or denial of naturalization, if I am not a United States citizen; loss of eligibility to receive federal benefits; loss of certain civil rights (which may be temporary or permanent depending on applicable state or federal law), such as the right to vote, to hold public office, and to possess a firearm; and loss of the privilege to engage in certain occupations licensed by the state or federal government.

7.   I know that I may plead "NOT GUILTY" to any crime charged against me and that I may persist in that plea if it has already been made. I know that if I plead "NOT GUILTY" the Constitution guarantees me:

     a.    The right to a speedy and public trial by jury, during which I will be presumed to be innocent unless and until I am proven guilty by the government beyond a reasonable doubt and by the unanimous vote of twelve jurors;

     b.    The right to have the assistance of an attorney at all stages of the proceedings;

     c.    The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in my favor;

     d.    The right to see, hear, confront, and cross-examine all witnesses called to testify against me;

     e.    The right to decide for myself whether to take the witness stand and testify, and if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and

     f.    The right not to be compelled to incriminate myself.

8.    I know that if I plead "GUILTY" there will be no trial before either a judge or a jury, and that I will not be able to appeal from the judge's denial of any pretrial motions I may have filed concerning matters or issues not related to the court's jurisdiction.

9.    In this case I am pleading "GUILTY" under Rule 11(c)(1)(B). My attorney has explained the effect of my plea under Rule 11(c)(1)(B) to be as follows:

My plea of guilty is under Rule 11(c)(1)(B); therefore, although the judge will consider the recommendations and agreements of both the prosecution and defense attorneys concerning sentencing, the judge is not obligated to follow those recommendations or agreements. If the judge imposes a sentence different from what I expected to receive under the terms of my Plea Agreement with the prosecutor, I do not have a right to withdraw my plea.

10.    I know the maximum sentence which can be imposed upon me for the crimes to which I am pleading guilty is five years imprisonment and a fine of $250,000.

11.    I know that the judge, in addition to any other penalty, will order a special

assessment as provided by law in the amount of $100.

12. I know that if I am ordered to pay a fine, and I willfully refuse to pay that fine, I can be returned to court, where the amount of the unpaid balance owed on the fine can be substantially increased by the judge and I can be imprisoned for up to one year.

13. My attorney has discussed with me the Federal Sentencing Guidelines. I know that the Federal Sentencing Guidelines are advisory, not mandatory. I also know the sentencing judge, in determining the particular sentence to be imposed, must consider those factors set forth in Title 18, United States Code, Section 3553(a), including but not limited to: the nature and circumstance of the offense, my own history and characteristics, the goals of sentencing (punishment, deterrence, protection, and rehabilitation), and the sentencing range establish by the advisory Guidelines. If my attorney or any other person has calculated a Guideline range for me, I know that this is only advisory, and is only one of the factors that the judge will consider in making a final decision as to what sentence will be imposed. I also know that a judge may not impose a sentence greater than the maximum sentence referred to in Paragraph 10, above.

14. I know from discussion with my attorney that, under the Federal Sentencing Guidelines, if I am sentenced to prison I am not entitled to parole. I will have to serve the full sentence imposed except for any credit for good behavior that I earn. I can earn credit for good behavior in prison at a rate of up to 54 days for each year of imprisonment served. Credit for good behavior does not apply to a sentence of one year or less.

15. I know that if I am sentenced to prison, the judge will impose a term of supervised release to follow the prison sentence. During my supervised release term I will be supervised by a probation officer according to terms and conditions set by the judge. In my case, a term of supervised release will be 3 years. If I violate the conditions of supervised release, I may be sent back to prison for up to 2 years (18 U.S.C. §3583(e)(3)).

16. I know that in addition to or in lieu of any other penalty, the judge can order

restitution payments to any victim of any offense to which I plead guilty. I am also informed that, for certain crimes of violence and crimes involving fraud or deceit, it is mandatory that the judge impose restitution in the full amount of any financial loss or harm caused by an offense. If imposed, the victim can use the order of restitution to obtain a civil judgment lien. A restitution order can be enforced by the United States for up to twenty (20) years from the date of my release from imprisonment, or, if I am not imprisoned, twenty (20) years from the date of the entry of judgment. If I willfully refuse to pay restitution as ordered, a judge may resentence me to any sentence which could originally have been imposed.

17. On any fine or restitution in an amount of $2,500 or more, I know that I will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

18. If I am on probation, parole, or supervised release in any other state or federal case, I know that by pleading guilty in this court my probation, parole or supervised release may be revoked and I may be required to serve time in that case, which may be consecutive, that is, in addition to any sentence imposed on me in this court.

19. If I have another case pending in any state or federal court, I know that my Petition and Plea Agreement in this case do not, in the absence of an express and written agreement, apply to my other case(s), and that I can be faced with consecutive sentences of imprisonment.

20. My plea of "GUILTY" is based on a Plea Agreement that I have made with the prosecutor. That Plea Agreement is attached hereto and incorporated herein. I have read or had read to me the Plea Agreement, and I understand the Plea Agreement.

21. No officer or agent of any branch of government (federal, state or local) or anyone else has promised or suggested that I will receive a lesser term of imprisonment, or probation, or any other form of leniency if I plead "GUILTY" except as stated in the Plea

Agreement. I understand that I cannot rely on any promise or suggestion made to me by a government agent or officer which is not stated in writing in the Plea Agreement, or which is not presented to the judge in my presence in open court at the time of the entry of my plea of guilty.

22. My plea of "GUILTY" is not the result of force, threat, or intimidation.

23. I hereby request that the judge accept my plea of "GUILTY" to the single count in the Indictment Conspiracy to Defraud the United States in violation of 18 U.S.C. §371.

24. I know that the judge must be satisfied that a crime occurred and that I committed that crime before my plea of "GUILTY" can be accepted. With respect to the charge to which I am pleading guilty, I represent that I did the following acts and that the following facts are true:

Beginning in 2001 and continuing to about February 2005, I agreed with one more persons to assist taxpayer clients with filing frivolous tax returns with the Internal Revenue Service.

25. I know that the judge must be satisfied that a crime occurred and that I committed that crime before my plea of "GUILTY" can be accepted. With respect to the charge to which I am pleading guilty, I represent that I did the following acts and that the following facts are true:

a. Beginning in 2001 and continuing to about February 2005, I did agree with one or more persons to file and in fact filed tax returns or amended returns with the Internal Revenue Service on behalf clients who were being threatened with criminal enforcement and prosecution for failure to file.

b. The returns and amended returns we filed on behalf of these clients accurately stated the clients' gross income, but asserted the theory that income earned from non-commercial activity (including personal labor or services) did not constitute taxable income.

c. Many of the returns that we filed for these taxpayers were frivolous in that they were filed for the sole purpose of delaying the criminal enforcement actions against the taxpayers, but before we had any reason to believe that the claim was legally valid.

  d.  At least one of my clients resided or earned income in the District of Oregon.

  e.  Accordingly, we did conspire to defraud the United States by impeding, impairing, obstructing or defeating the lawful functions of the Internal Revenue Service of the Department of the Treasury and committed at least one overt act in furtherance of that conspiracy.

  26.  I offer my plea of "GUILTY" freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Indictment or Information, and with a full understanding of the statements set forth in this Petition and in the Certificate of my attorney that is attached to this Petition.

  SIGNED by me in the presence of my attorney, after reading (or having had read to me) all of the foregoing pages and paragraphs of this Petition on this _11_ day of September 2009.

                       Richard Allen Fuselier

## CERTIFICATE OF COUNSEL

The undersigned, as attorney for defendant, Richard Allen Fuselier, hereby certifies:

1. I have fully explained to the defendant the allegations contained in the Indictment or Information in this case, any lesser-included offense(s), and the possible defenses which may apply in this case.

2. I have personally examined the attached Petition To Enter Plea of Guilty And Order Entering Plea, explained all its provisions to the defendant, and discussed fully with the defendant all matters described and referred to in the Petition.

3. I have explained to the defendant the maximum penalty and other consequences of entering a plea of guilty described in paragraphs (6)-(20) of the Petition, and I have also explained to the defendant the applicable Federal Sentencing Guidelines.

4. I recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by me in the presence of the above-named defendant, and after full discussion with the defendant of the contents of the Petition To Enter Plea of Guilty, and any Plea Agreement, on this 11th day of September 2009.

Samuel C. Kauffman, OSB# 94352
Attorney for Richard Fuselier



**U.S. Department of Justice**
*Kent S. Robinson*
*Acting United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*     (503) 727-1000
*Portland, OR  97204-2902*     Fax: (503) 727-1117

*Allan M. Garten*
*Senior Litigation Counsel*     Direct: (503) 727-1043
*Assistant United States Attorney*     Allan.Garten@usdoj.gov

August 10, 2009

Samuel C. Kauffman
Garvey, Schubert, Barer
121 S.W. Morrison Street, 11th Floor
Portland, Oregon 97204-3141

    Re:   *United States v. Richard Allen Fuselier*, CR 07-535-02 (BR)
          Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to Count 1 of the Indictment, which charges the crime of conspiracy, in violation of Title 18, United States Code, Section 371.

3.    **Penalties**: The maximum sentence is 5 years imprisonment, 3 years of supervised release, a fine of $250,000.00, and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.    **Dismissal/No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

///

///

Revised 7-21-08

Samuel C. Kauffman
Re: *Richard Allen Fuselier* Plea Letter
Page 2

The government calculates a sentence based on the following factors:

| | | |
|---|---|---|
| Base Offense level: | 22 | § 2T1.1(a); § 2T1.9(a)(1); § 2T4.1(J) (Tax loss > $1 Million < $2.5 Million) |
| | +2 | § 2T1.9(b)(2) (specific offense characteristic - encouraging others to violate the internal revenue laws) |
| | -3 | § 3E1.1 (Acceptance of Responsibility) |
| | -4 | § 5K1.1 (Substantial Assistance) |

Adjusted offense level: 17    24-30 months.

6.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

7.  **Governments Recommendation**: The USAO will recommend the low end of the applicable guideline range (24 months) as long as defendant demonstrates an acceptance of responsibility as explained above. Defendant is free to argue for any lesser sentence he believes is warranted by the facts and the Guidelines.

8.  **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

9.  **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

Revised 7-21-08

Samuel C. Kauffman
Re: *Richard Allen Fuselier* Plea Letter
Page 3

10.  **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

11.  **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

12.  **Deadline**: This plea offer expires if not accepted by August 24, 2009 at 5:00 p.m.

Sincerely,

KENT S. ROBINSON
Acting United States Attorney

Allan M. Garten
Assistant United States Attorney
Senior Litigation Counsel

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

9/11/09
Date                                    Richard Allen Fuselier, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

9/11/09
Date                                    Samuel C. Kauffman, Attorney for Defendant

Revised 7-21-08

## ORDER ENTERING PLEA

I find that the defendant's plea of GUILTY has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crime(s) to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

DATED this 11th day of September 2009.

_____
Anna J. Brown
U.S. District Court Judge

PDX_DOCS:438697.1