IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


UNITED STATES OF AMERICA,                CR-07-535-BR

        Plaintiff,                       FINAL JURY INSTRUCTIONS

   v.

JOSEPH OQUENDO SALADINO,
MARCEL ROY BENDSHADLER,
MICHAEL SEAN MUNGOVAN, and
RICHARD J. ORTT,

        Defendants.


    Members of the jury, now that you have heard all of the
evidence, it is my duty to instruct you on the law that applies
to this case.  You each have a copy of these instructions for you
to consult as you deliberate.

## DUTY TO DELIBERATE

It is your duty to weigh and to evaluate all of the evidence calmly and dispassionately and, in that process, to decide what the facts are.  To the facts as you find them, you must apply the law as I give it to you, whether you agree with the law or not. As you deliberate, you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy, and you must ultimately decide the case solely on the evidence received during the trial and on these instructions.  You will recall that you took an Oath promising to do so at the beginning of the case.

You must follow all of these instructions and not single out some and ignore others; they all are equally important.  Please do not read into these instructions or into anything I have said or done during the trial any suggestion that I have an opinion as to what verdict you should return – that matter is entirely up to you.

## PRESUMPTION OF INNOCENCE
## GOVERNMENT'S BURDEN OF PROOF BEYOND A REASONABLE DOUBT

The fact that a criminal charge has been brought against each of the Defendants is not evidence and does not prove anything.

Each of the Defendants has pleaded not guilty to the charge against him, and each Defendant is presumed to be innocent of any wrongdoing.  This presumption of innocence remains in full force

2 - JURY INSTRUCTIONS

and effect as to each Defendant unless and until the government proves that Defendant guilty beyond a reasonable doubt.

A defendant in a criminal trial has a constitutional right not to testify and does not have to present any evidence to prove innocence.  You may not draw any inference of any kind from the fact that a defendant did not testify.

The Defendant, Richard J. Ortt, has testified.  You should consider this testimony just as you would the testimony of any other witness.

The sole burden of proof in this case is on the government, which has the burden to prove every element of the charge against each Defendant beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced a particular Defendant is guilty.  It is not required, however, that the government prove guilt beyond all possible doubt.  Thus, a reasonable doubt is a doubt based on reason and common sense.  A reasonable doubt may arise from a careful and impartial consideration of all of the evidence or from lack of evidence.  A reasonable doubt, however, is not based on speculation or guesswork.

If, after careful and impartial consideration of all of the evidence, you are not convinced beyond a reasonable doubt that the government has proved a particular Defendant guilty of the charge against him, it is your duty to find that Defendant not

3 - JURY INSTRUCTIONS

guilty.  On the other hand, if after careful and impartial consideration of all of the evidence, you are convinced beyond a reasonable doubt that the government has proved a particular Defendant guilty of the charge against him, it is your duty to find that Defendant guilty.

In deciding whether the government has proved its charge against each of the Defendants beyond a reasonable doubt, you must not consider what sentence or punishment the Court may impose in the event you find one or more of the Defendants guilty.

## DUTY TO CONSIDER CHARGES SEPARATELY

Each Defendant is separately charged with the same crime. Although all four Defendants are being tried in this one trial, you must consider and decide the case of each Defendant separately.  Unless specifically instructed otherwise, all of these instructions apply to each Defendant and you may consider all of the evidence in the case when you separately consider the charge against each of the four Defendants.  Your Verdict as to any particular Defendant, however, should not control your Verdict as to any other Defendant.

## EVALUATING THE EVIDENCE

## <u>What is Evidence/What is Not Evidence</u>

In deciding the facts, you may consider only the evidence received in the case which consists of:

1.   the sworn testimony of each witness;

2.   the exhibits which have been received into evidence; and

3.   any agreed facts the parties point out to you.

But the following things are not evidence, and you may not consider them in deciding what the facts are:

1.   Arguments, statements, and questions by the lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments, and at other times, including when they question witnesses, is intended to help you interpret the evidence, but it is not evidence.  If you remember the evidence differently from how lawyers describe it, your memory of the evidence controls.

2.   Objections by the lawyers are not evidence. Attorneys may raise an objection when they believe a question or a witness's answer is improper under the rules of evidence.  Do not concern yourself with why a lawyer made an objection. Instead, simply follow my ruling about the objection.

3.   Testimony or any other matter that I have told you to disregard or as to which I have sustained an objection is not evidence and, therefore, you must not consider it in your deliberations.

4.    Finally, anything you may have seen or heard when the court was not in session is not evidence.  This is true even if what you see or hear out of court is said or done by someone connected with the case.  Remember, you must decide the case solely on the evidence received during the trial.

## Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is the direct proof of a fact, such as testimony of an eyewitness about what the witness personally saw or heard or did. Circumstantial evidence is indirect evidence; that is, proof of one or more facts from which you could find that another fact exists even though the other fact has not been proved directly. The law does not prefer one kind of evidence over the other.  You should consider both kinds of evidence and then decide how much weight to give to any particular piece of evidence.

## Evidence Admitted for Limited Purpose

There were times during the trial when some evidence was received for a limited purpose only and I instructed you about the limited way you could consider each such item of evidence. As you deliberate, you must follow those limiting instructions and consider any evidence which was admitted for a limited purpose only for that limited purpose and for no other.

For example, you have heard evidence that certain courts other than this Court issued various orders, injunctions or other

6 - JURY INSTRUCTIONS

rulings concerning some of the issues and/or Defendants involved in this case. In considering the content of these court documents, I instruct you that a court dismisses an action for lack of jurisdiction when the court has concluded it does not have the legal authority to rule on the merits of a claim.

You have also heard evidence that one or more of the Defendants were aware of such court decisions during the time of the alleged conspiracy. You may consider evidence of a Defendant's knowledge of such other courts' decisions for its bearing, if any, as to that Defendant's state of mind during the alleged conspiracy. You may not, however, consider evidence of other courts' decisions as defining the law that applies in this case. The only statement of the law that controls your deliberations are my instructions to you, whether given during the trial or in these Final Jury Instructions.

I also instruct you that the "Common Law Court" established by Richard Fuselier is a fiction and not a real court. Thus, its "rulings" and "decisions" are not valid and do not bind any person, entity, or state or federal court.

## Evaluating Witness Testimony

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or to hear or to know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and whether the witness has any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    the reasonableness of the witness's testimony in light of all the evidence; and

7.    any other factors you find bear on the believability of a witness, including whether any witness has previously been convicted of a felony crime.

In addition, you should consider with greater caution the testimony of any witness:

1.    who has received benefits or favored treatment from the government; or

2.    who pleaded guilty to a crime arising out of the same events for which the Defendants are on trial.

Although you should consider the extent to which any of these factors may have influenced the truthfulness of a witness's testimony, evidence that a witness has pleaded guilty is not

8 - JURY INSTRUCTIONS

evidence that any Defendant is guilty of the crime charged in this case.

You have heard testimony from witnesses who were involved in the government's investigation of this case in an undercover capacity.  I instruct you that, in order to apprehend persons engaged in criminal activities, the government is permitted to use stealth and deception and may use a broad range of schemes and ploys to identify criminal activity.  This includes the use of undercover agents who may properly use false names and appearances and may properly assume the roles of members in criminal organizations.

### Evaluating Evidence of a Person's Statements or Acts

I remind you that your duty is to determine only whether the Defendants are guilty as charged and that they are not on trial for any conduct or offense not charged in this case.  You should consider evidence about the acts, statements, and intentions of others, or evidence about the acts and statements of a particular Defendant, only as they relate to the crime charged against that Defendant.

In particular, you have heard testimony that one or more of the Defendants made certain statements.  In evaluating such testimony, you should consider and decide (1) whether a particular Defendant actually made such a statement, and (2) if so, how much weight to give to the evidence about the statement.

9 - JURY INSTRUCTIONS

In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which a particular Defendant may have made it.

In addition, you have heard evidence that certain persons who the government alleges are co-conspirators of the Defendants said or did certain things.  The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy if these acts or statements were made during and in furtherance of the conspiracy.  Thus, you may consider the acts done and the statements made by any members of the alleged conspiracy during the existence of and to further the conspiracy as the acts or statements of a particular Defendant so long as you find the alleged conspiracy existed and the particular Defendant was a member of the conspiracy.  This is true even if a co-conspirator's acts or statements were done or made in a particular Defendant's absence or without his knowledge or even before a particular Defendant joined the conspiracy. However, acts done or statements made before the alleged conspiracy began or after it ended may only be considered by you as evidence against the person who made that statement or did that act.

### **Protected Speech**

In evaluating any statements you find a particular Defendant made in the course of the alleged conspiracy, I instruct you that

10 - JURY INSTRUCTIONS

the First Amendment to the United States Constitution protects speech and a person cannot be convicted of a crime merely for engaging in speech, including statements made to or about the government.  On the other hand, the First Amendment does not protect a Defendant's speech if you find the intent of the Defendant and the meaning of his words was to produce or to incite an imminent criminal act that was likely to occur.

### Opinion Testimony

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.  For example, you have heard testimony from a psychiatrist and a psychologist concerning their diagnoses of certain mental disorders, and you may consider this opinion evidence in evaluating whether the government has proved a particular Defendant acted with the necessary intent to defraud the United States through deceitful or dishonest means.

Opinion testimony of any kind should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

### Charts and Summaries

Certain charts and summaries were shown to you during the trial.  Some of them were received into evidence and some were

11 - JURY INSTRUCTIONS

not.

With respect to those charts and summaries that were received into evidence, your determination of what weight you should give to them depends entirely upon your assessment of the underlying supporting material on which the charts and summaries were based.  In other words, the charts and summaries are only as good as you find the underlying supporting material to be.

Other charts and summaries that were not received into evidence were nevertheless shown to you in order to help explain evidence that was received, such as facts which may be disclosed by books, records, or other documents that have been received into evidence.  If such charts or summaries did not correctly reflect the facts or figures shown by the evidence in the case, you should disregard the charts or summaries and determine the facts from the underlying evidence.

## **Audio Recordings**

You heard evidence in the form of audio recordings and, at the time each recording was played, a transcript of the recording was shown to you to help you identify the speakers and to help you understand what was said.  As I told you at the time, however, the recording is the evidence that you will consider, not the transcript.  If you heard anything on the recording that was different than what appeared on the transcript, what you heard controls.  Accordingly, you will have the recordings, but

12 - JURY INSTRUCTIONS

not the transcripts, with you when you deliberate in the jury room.

### THE CHARGE ALLEGED AGAINST EACH DEFENDANT

The following instructions explain the specific charge alleged against each Defendant in Count 1 of the Indictment.

In Count 1, the government charges each of the Defendants with conspiring to defraud the United States in violation of Section 371 of Title 18 of the United States Code by impeding, impairing, obstructing and defeating the lawful functions of the U. S. Internal Revenue Service ("IRS") in its ascertainment, computation, assessment and collection of revenue, that is, federal income taxes and doing so by deceitful or dishonest means.

I instruct you that the United States government has the constitutional authority to tax income; that wages, self-employment income, and compensation for personal labor are subject to federal income tax; that a taxpayer may not deduct the amount of his or her wages or income from his or her tax returns based on a "claim of right;" and that a taxpayer is not entitled to obtain a refund of Social Security or Medicare payments that were previously withheld from his or her wages or income based on a "claim of right."

In addition, before I instruct you as to the specific elements the government must prove beyond a reasonable doubt in order for you to find one or more of the Defendants guilty of

13 - JURY INSTRUCTIONS

Count 1, I will generally explain the law relating to the crime of conspiracy.

A conspiracy is a kind of criminal partnership - which in this case means an agreement of two or more persons to defraud the United States as I am about to explain.  The crime of conspiracy is the agreement itself to do something unlawful; it does not matter whether the crime agreed upon was actually committed, and it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.

A person becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further the object or purpose of the conspiracy, even though the person may not have full knowledge of all the details of the conspiracy.  Furthermore, a person who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, a person who has no knowledge of a conspiracy but happens to act in a way which furthers the object or purpose of the conspiracy does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

It is not enough, however, that two or more persons simply met, discussed matters of common interest, acted in similar ways,

14 - JURY INSTRUCTIONS

or perhaps helped one another.  The government must prove there was a plan to advance or further the object of the conspiracy.

With these legal principles in mind, I instruct you that, in order for the government to prove one or more of the Defendants guilty of Conspiracy to Defraud the United States as charged in Count 1 of the Indictment, the government must prove each of the following elements beyond a reasonable doubt as to each Defendant:

**First**, beginning on or about June 2002 and ending on or about the First of December 2005, there was an agreement between two or more persons to defraud the United States by deceitful or dishonest means by impeding, impairing, obstructing or defeating the lawful functions of the IRS, an agency of the United States, in its ascertainment, computation, assessment or collection of revenue, that is, of federal income taxes; and

**Second**, the particular Defendant became a member of the conspiracy knowing this objective and intending to help accomplish it; and

**Third,** one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on at least the same particular act that was performed for these purposes.

With respect to the First Element, an agreement to defraud is an agreement to deceive or to cheat, and the words "deceitful" and "dishonest" have their ordinary meaning.  In addition, the government must prove there was a connection between the alleged

15 - JURY INSTRUCTIONS

deceitful or dishonest means and the intention to defraud the United States.   As to the status of the IRS as an agency of the United States, I have determined it is not necessary for the government to present evidence to prove that fact because it is of common knowledge.  Accordingly, you may, but are not required to, accept this fact as true.

With respect to the Second Element, a particular Defendant acts "knowingly" if he is aware of the act and does not act through ignorance, mistake, or accident, and a particular Defendant acts "intentionally" if he acts on purpose.  One who acts on an honest and good faith understanding as to the requirements of the law does not act with an intent to defraud simply because his understanding of the law is wrong or even irrational.  Nevertheless, merely disagreeing with the law, in and of itself, does not constitute a good faith understanding of the law because all persons have a duty to obey the law whether or not they agree with it.  In the end, as noted, it is the government's burden to prove beyond a reasonable doubt that a particular Defendant became a member of the conspiracy knowing of the object described in the First Element and intending to help accomplish it.  You may consider evidence of a Defendant's words, acts, or omissions, along with all of the other evidence, in deciding whether each of the Defendants acted with the required knowledge and intent.

With respect to the Third Element, an overt act does not itself have to be unlawful.  A lawful act may be an element of a

16 - JURY INSTRUCTIONS

conspiracy if it was done for the purpose of carrying out the conspiracy. Finally, the government need only prove that a member of the conspiracy performed the overt act; it is not required that the government prove a particular Defendant personally did the act.

You must decide whether the conspiracy charged in Count 1 of the Indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that a particular Defendant was not a member of the charged conspiracy, then you must find that Defendant not guilty, even though that Defendant may have been a member of some other conspiracy.

Finally, a conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful objective of the conspiracy or the names, identities, or locations of all of the other members. Even though a particular Defendant did not directly conspire with another defendant or other conspirators in the overall conspiracy, the Defendant has, in effect, agreed to participate in the conspiracy if the government proves beyond a reasonable doubt that:

1.    the Defendant directly conspired with one or more

17 - JURY INSTRUCTIONS

conspirators to carry out the object of the conspiracy;

2.    the Defendant knew or had reason to know that other conspirators were involved with those with whom the Defendant directly conspired; and

3.    the Defendant had reason to believe that whatever benefits the Defendant might get from the conspiracy were probably dependent upon the success of the entire venture. It is no defense to a conspiracy charge that a person's participation in a conspiracy was minor or for a short period of time.

Nevertheless, it is not enough that the Defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the Defendant joined the conspiracy with the knowledge and intention of helping to commit the crime of Defrauding the United States.

### **Miscellaneous**

Finally, the following instructions are intended to assist you regarding a few points of tax law that may assist you in your deliberations:

1.    A taxpayer whose accountant is served with an IRS summons to give testimony to produce records is entitled to notice and has a right to begin a proceeding to quash the summons in a federal district court;

2.    The term, "corporation sole," refers to a legitimate

corporate form that may be used by a religious leader to hold property or to conduct business for the benefit of a religious entity, but a taxpayer cannot evade income tax by establishing a religious organization for that purpose; and

3.    The term, "Individual Master File," refers to a computerized record of information generated by the IRS on an individual taxpayer and is legally obtained through a Freedom of Information request.

## JURY DELIBERATIONS

Upon your return to the jury room, your first duty is to elect one member of the jury as your Presiding Juror.  That person will preside over your deliberations and speak for you as necessary here in court.

You will then discuss the case with your fellow jurors in order to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.  In other words, in order to mark any answer on the Verdict form, all twelve of you must be in agreement as to the answer.

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence,

discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  Again, nothing that I have said or done during the trial is intended to suggest what your verdict should be — that is entirely for you to decide.

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your Presiding Juror will mark the Verdict form as you have agreed, sign and date it, and then advise the Court that you are ready to return to the courtroom.

If it becomes necessary during your deliberations to communicate with me, you may send a note through Mr. Minetto, signed by your Presiding Juror or by one or more members of the jury.  No member of the jury should attempt to communicate with me while your are deliberating except by a signed writing, and I will respond to the jury concerning the case only in writing or

here in open court.  If you send out a question, I will consult
with the lawyers before answering it, which may take some time.
You may continue your deliberations while waiting for the answer
to any question.  Remember that you are not to tell anyone —
including me — how the jury stands, numerically or otherwise, on
the question of the guilt of any Defendant until after you have
reached a unanimous verdict or have been discharged.

21 - JURY INSTRUCTIONS